William M. CASWELL *v.* STATE of Arkansas

CA CR 97-1574 973 S.W.2d 832

Court of Appeals of Arkansas
Division III
Opinion delivered September 9, 1998

*Ben Seay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Ass't Att'y Gen., and *Pamela Epperson*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar under the supervision of *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. This is a revocation case. In March 1990, appellant, William M. Caswell, was sentenced to ten years in the Arkansas Department of Correction with an addi-

tional five years' suspended imposition of sentence. In 1996 the State filed a petition to revoke the suspended imposition of sentence, alleging that appellant had violated the terms of the suspension by leaving the scene of an accident involving injuries and property damage. Following a hearing on the petition the court revoked appellant's suspended imposition of sentence. On appeal, appellant argues that the trial court erred 1) in permitting hearsay evidence that violated the confrontation and due process clauses of the United States Constitution, and 2) in denying him the right to dismiss his attorney. We find no prejudicial error and affirm the trial court's revocation of appellant's suspended imposition of sentence.

For his first point of appeal, appellant contends that the trial court erred in permitting the investigating officer to testify about what John and Danna Ward told him, thereby violating the confrontation and due process clauses of the United States Constitution. The Wards were passengers in appellant's car and were injured in the accident. We agree that the trial court erred in allowing the testimony but find that the error was harmless.

First, the State argues that this point was not properly preserved for appeal. We disagree and find that appellant's objection was sufficient to preserve the constitutional issue. In *Jones v. State*, 31 Ark. App. 23, 786 S.W.2d 851 (1990), the appellant objected to a police officer's testifying about his discussions with another person because the other person was not present and could not be cross-examined. We concluded that the objection was adequate to raise the issue of the confrontation clause. We observed that although the rules of evidence, including the hearsay rule, are not strictly applicable in revocation proceedings, the right to confront witnesses is applicable. *Id.*

Here, Kelly Stewart, the officer investigating the accident, was the only person to testify at appellant's revocation hearing. The following colloquy occurred when the State asked Stewart what John and Danna Ward told him at the accident scene:

> [APPELLANT'S COUNSEL]: Your Honor, I would object to that being hearsay, although I do recognize that the rules of evidence

do not apply on revocation hearings if he testifies as to what a victim in this case stated *without the ability of the defense to cross examine that particular victim then that would deprive the defendant of a fair hearing.*

[PROSECUTOR]: Your Honor, the rules of evidence do not apply. We would ask the Court to make a ruling.

THE COURT: The rules of evidence do not apply and also I believe the officer may state to the Court what his investigation revealed at the scene so it is overruled.

[OFFICER KELLY DON STEWART]: I talked to a Mr. Ward, who was bleeding from the head. I asked him what had happened and he said they were riding with Mr. Caswell, Mr. Mike Caswell, and he lost control of the vehicle. I asked him where he was, I thought maybe he had gone to the phone or something, they said he had — last time they saw him he was going down below the bridge and was in the woods. I called for additional officers and we searched the area for approximately two hours and were unable to locate Mr. Caswell.

. . .

The other passenger in the vehicle that I talked to besides Mr. Ward was his wife, Danna Ward. I talked to her.

Q. And what did she relate to you had happened?

[DEFENSE COUNSEL]: *Your Honor, I object again for the reasons previously stated, that this is hearsay.*

THE COURT: The objection is so noted and overruled.

[OFFICER STEWART]: She basically said the same thing that her husband John did, that they were east bound on 82 and Mr. Caswell lost control of the vehicle for some reason and that he had left the scene.

(Emphasis added.) Defense counsel's objection was sufficient to preserve this constitutional issue for appeal.

■ ■ Second, in *Goforth v. State,* 27 Ark. App. 150, 152, 767 S.W.2d 537, 538 (1989)(emphasis added) (citations omitted), we explained:

Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. Because due process is a flexible concept, each particular situation must be examined in order to determine what procedures are constitutionally required.

In *Gagnon v. Scarpelli*, the United States Supreme Court held that in a revocation proceeding the accused is entitled to "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *This holding has been codified at Ark. Code Ann. § 5-4-310(c)(1) (1987) which states*:

> *The defendant shall have the right to confront and cross examine adverse witnesses unless the court specifically finds good cause for not allowing confrontation.*

In a probation revocation proceeding the trial court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. *First, the court should assess the explanation the State offers of why confrontation is undesirable or impractical. A second factor that must be considered, and one that has been focused on by a number of courts, is the reliability of the evidence which the government offers in place of live testimony.*

■ Here, the State offered no explanation for why confrontation was undesirable or impractical, and the trial court did not engage in the balancing exercise set forth in *Goforth*. Moreover, the trial judge noted that he did not understand why at least one of the Wards was not present. In allowing the officer to testify about what the Wards had said, the trial court violated appellant's constitutional right to confront the witnesses against him.

■ However, the denial of the right to confront witnesses may be harmless error. *Jones v. State*, 31 Ark. App. 23, 786 S.W.2d 851 (1990). In *Jones*, we quoted from *Delaware v. Van Arsdall*, 475 U.S. 673 (1986):

> Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. *These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.*

*Jones*, 31 Ark. App. at 26, 786 S.W.2d at 853 (emphasis added).

Here, under the circumstances of this case, the error was harmless. Appellant turned himself in the day after the accident and talked with Officer Stewart. At the revocation hearing, Officer Stewart testified, "I asked him why he left, he said he just — he was afraid, you know, I guess for fear he would be locked up. I am not sure, he just said he was afraid, got scared and ran." There was no objection raised with respect to this testimony, and although it does not have appellant actually stating that he was the driver, that fact can certainly be conclusively inferred. Moreover, Officer Stewart testified that the vehicle was titled in appellant's name.

 Consequently, even though the trial court erred in admitting the officer's testimony concerning what the Wards had told him, the error was harmless because it was, in effect, cumulative to the evidence presented by Officer Stewart concerning what appellant had told him. That is, there was sufficient evidence presented at the hearing to establish that appellant was the driver, even disregarding the hearsay testimony about the Wards.

For his second point of appeal, appellant contends that the trial court erred in denying his request for a new attorney, which was made at the revocation hearing. We find no error.

 In *Thorne v. State*, 269 Ark. 556, 560, 601 S.W.2d 886, 889 (1980) (citations omitted), the supreme court explained:

> It is clear that the question of a continuance is within the discretion of the trial judge and not every denial of a request for more time violates due process or Constitutional mandates. The burden is on the appellant to show that there has been an abuse of discretion. The right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the Court or to interfere with the fair, efficient and effective administration of justice. In each such situation the Court must look at the particular circumstances of the case at bar and the issue must be decided on a case by case basis.

 The factors to be considered by the trial court were briefly outlined in *Leggins v. State*, 271 Ark. 616, 618-19, 609 S.W.2d 76, 78 (1980):

> Although a defendant must be offered a reasonable opportunity to obtain competent counsel, once competent counsel is obtained, any request for a change must be considered in the context of the public's interest in a reasonably prompt and competent dispensation of justice. If such a change would require the postponement of trial because of inadequate time for a new attorney to properly prepare a defendant's case, in denying or granting the change, *the court may consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to defendant.*

(Emphasis added.)

Here, appellant sought a continuance so that he might seek other counsel because he was not pleased with the services of his attorney. No other reason was given beyond a vague assertion of displeasure that "I haven't seen anything that he's done except bring me up here and set me over there on that stool over there and not tell me nothin'." Moreover, no other counsel was identified, and the request was made on the day of the revocation hearing for the asserted reason that appellant had been in jail and could do nothing while there. Although appellant's father was present at the hearing and said that he had the ability to borrow money to retain private counsel for his son, he had not done so. Finally, the only prejudice asserted by appellant was that there was a "tremendous breakdown" in the relationship between appellant and his attorney, appellant was not presented the opportunity to represent himself or seek another attorney, and appellant was in jail and did not have access to witnesses or law books. In short, appellant has not demonstrated that the trial court abused its discretion in denying his request.

Affirmed.

ROBBINS, C.J., and ROAF, J., agree.