Mashombe Shawn BROCK *v.* STATE of Arkansas

CA CR 99-714                                        14 S.W.3d 908

Court of Appeals of Arkansas
Division III
Opinion delivered April 26, 2000

*John Joplin*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Mashombe Shawn Brock, appeals from the circuit court's revocation of his suspended sentences and its imposition of four years' imprisonment based on the State's allegation that, in violation of the conditions of his suspended sentences, he committed the crimes of possession of methamphetamine with the intent to deliver and second-degree battery. Citing *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989)(relying on federal constitutional principles), and Ark. Code Ann. § 5-4-310(c)(1) (Repl. 1997)(according to *Goforth*, the codification of those principles), he argues on appeal that his right to confront witnesses against him was violated when a witness for the State was permitted to testify that he had received information from a confidential informant that appellant was selling methamphetamine. Because the testimony was not admitted to prove the truth of the matter asserted, we conclude there was no violation of his right to confront witnesses and affirm.

At the revocation hearing, Corporal Shannon Binyon, a narcotics detective with the Fort Smith Police Department, testified that he contacted appellant after he was told by a reliable confidential informant that appellant was selling methamphetamine "at the Total Store at 19th and Grand" and was in possession of "a green organizer" containing "several quarter papers of methamphetamine." Appellant objected to this testimony as hearsay and argued that its introduction denied him the right to confront witnesses. The trial court overruled the objection. Binyon further testified that he and other officers contacted appellant at the store and found him in possession of a green organizer containing methamphetamine. The methamphetamine was packaged in seven individually

sealed plastic bags. Binyon testified that the methamphetamine was packaged for resale as "quarter papers to sell for $25.00 each."

In addressing appellant's claim that he was denied his right to confront witnesses when Binyon testified regarding what he was told by the confidential informant, we note that the United States Supreme Court has held that "admission of non-hearsay 'raises no Confrontation Clause concerns.' " *United States v. Inadi*, 475 U.S. 387, 398 n.11 (1986)(citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)). "Cross-examination regarding such statements would contribute nothing to Confrontation Clause interests." *Id*. Given that the Confrontation Clause is not violated by the introduction of non-hearsay testimony, we must determine whether the challenged testimony was hearsay.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c) (1999). An out-of-court statement is not hearsay if it is offered, not for the truth of the matter asserted, but to show the basis for the witness's action. *See, e.g., Sanford v. State*, 331 Ark. 334, 349-50, 962 S.W.2d 335, 343 (1998). Here, the challenged testimony was not introduced for the truth of the matter asserted, that is, that appellant was selling methamphetamine at that particular location, but instead to show why Binyon contacted appellant. We note that rather than alleging appellant was delivering methamphetamine, the State alleged in its petition to revoke that appellant was in possession of methamphetamine with the intent to deliver. The challenged testimony, we conclude, was not hearsay.

Because the challenged testimony was not hearsay, cross-examination of the confidential informant would have contributed little to appellant's interest in confronting witnesses against him. Thus, we conclude that appellant's right, based either on state or federal grounds, to confront witnesses against him, was not violated by the introduction of non-hearsay testimony at the revocation hearing. Given this, the court did not commit error by allowing introduction of the challenged testimony.

Furthermore, denial of an accused's right to confront witnesses may be harmless error. *See Caswell v. State*, 63 Ark. App. 59, 64-65, 973 S.W.2d 832, 835 (1998). Because the State had to prove

only one violation to establish that appellant violated his suspended sentence, *see Ramsey v. State*, 60 Ark. App. 206, 209, 959 S.W.2d 765, 767 (1998), and because appellant did not challenge the sufficiency of the evidence to support the State's separate allegation that appellant committed the crime of second-degree battery — a violation unrelated to the information garnered from the confidential informant — we could also affirm the revocation of his suspended sentence on the basis that any error committed was harmless.

Affirmed.

JENNINGS and ROAF, JJ., agree.