2011 Ark. App. 324

**Joe JONES, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1041.**

Court of Appeals of Arkansas.

May 4, 2011.

William Robert Simpson, Jr., Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Margaret Egan, LeaAnn J. Irvin and Darnisa Johnson, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Joe Jones appeals his conviction by a Pulaski County jury on a charge of commercial burglary, for which he was sentenced to thirty years' imprisonment in the Arkansas Department of Correction. He argues that the circuit court abused its discretion in excluding, as hearsay, a comment made by him to police officers at the time of his apprehension. We affirm.

On December 14, 2009, appellant was charged by felony information with a single count of commercial burglary, with a sentencing enhancement provision for having been convicted previously of four or more felonies. The State requested a preliminary motion in limine to prohibit appellant from eliciting from the State's witnesses his statement, made after his arrest, that he was trying to find a place to sleep because that statement was inadmissible hearsay. Appellant argued that the statement was admissible pursuant to one of two hearsay exceptions under the Arkansas Rules of Evidence (2010): Rule 803(3) as a statement of then existing mental, emotional or physical condition; or Rule 803(1) as a statement of his present-sense impression. Appellant relied on *Wyles v. State*, 357 Ark. 530, 182 S.W.3d 142 (2004), stating that a statement to show future action is admissible as an exception to the hearsay rule.

Appellant also cited *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and *Green v. Georgia*, 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738 (1979), stating that, although testimony is hearsay, if it is reliable and relevant to a defendant's case, it should be admitted

into evidence under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The circuit court disagreed and granted the State's motion in limine, finding that appellant's spontaneous statement was an out-of-court statement lacking any indicia of reliability and that his word, as the declarant, would not be subject to cross-examination—as he was the defendant and was not required to testify.

A jury trial was held on May 27, 2010, at which time the State called three witnesses, two police officers and the owner of the affected business. Officers Cedrick Nelson and Stephanie Rector both testified that on November 15, 2009, they responded to a burglar alarm at 1901 Broadway, the Modern Woodmen of America business location. Noticing a broken window and a slightly opened back door, the officers announced themselves and walked into the back room, which was dark. Appellant stood up from behind a desk and was immediately arrested.

The business owner, Albert Hurst, testified that he was notified by his alarm company that the silent alarm was triggered at the back of the office. He explained that the back room was being used for storage and was filled at that time with approximately $6000 worth of Christmas presents, including televisions, antiques, toys, and other items. He further described the room as very cramped with items stacked up to six-feet high and as having no real paths through it.

Mr. Hurst explained that he did a walk-through of the business with officers and initially failed to notice anything missing. After filing his report at the police department, Mr. Hurst returned to the business, at which time he found two flat-screen televisions out of place, and a black garbage bag containing a GPS, an electric screwdriver, and a portable power drill next to the televisions. He explained that he did not leave the televisions in the location he found them, nor did he store anything in garbage bags.

Following the close of the State's case, appellant's counsel moved for a directed verdict, arguing that there was no proof that appellant entered the premises "with the purpose of committing a felony." The motion was denied.

Appellant took the stand in his own defense and acknowledged that he, in the past, had committed both residential and commercial burglaries. He admitted breaking windows to gain access to the back of the Modern Woodmen office. He claimed that he was looking for a place to rest and that he had dozed off but was awakened upon hearing the words "Little Rock Police Department." Appellant testified that he had no intent to steal anything and that he would reimburse Mr. Hurst for the broken windows.

At the conclusion of his testimony, appellant renewed his motion for directed verdict, which was again denied. The jury returned a verdict of guilty to the charge of commercial burglary. The sentencing phase followed, with the jury recommending a fine of $5000 and a term of thirty years in the Arkansas Department of Correction. A judgment and commitment order was entered on July 8, 2010, and a notice of appeal was filed July 14, 2010. This appeal followed.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and this court will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Pace v. State*, 2010 Ark. App. 491, 375 S.W.3d 751. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the cir-

cuit court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. *Harris v. State,* 366 Ark. 190, 234 S.W.3d 273 (2006).

Appellant seeks reversal on grounds of prejudice resulting from an abuse of discretion, and on due-process grounds, rooted in the Fourteenth Amendment to the United States Constitution. Specifically, appellant argues that the circuit court's limiting his cross-examination of the State's witnesses was an abuse of discretion that prejudiced him by preventing jurors from hearing from the arresting officers the spontaneous statement regarding his intent. Appellant claims that he was deprived of his due-process right to a fair trial because he was unfairly limited in his examination of the witnesses against him.

Appellant was charged with commercial burglary. A person commits commercial burglary if he or she enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the commercial occupiable structure any offense punishable by imprisonment. Ark.Code Ann. § 5–39–201(b)(1) (Repl.2006). To convict on this charge, then, the State must prove that appellant intended to commit a felony, and entered and unlawfully remained in a commercial occupiable structure. According to the felony information, the intended felony in this case was theft of property.

The issue on appeal focuses on Arkansas Rule of Evidence 803, or the "hearsay exception" rule. The following exceptions are not excluded by the hearsay rule, even though the declarant is available as a witness: (1) present-sense impression: a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition,

or immediately thereafter; and (3) then existing mental, emotional or physical condition: A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the declarant's will. *See* Ark. R. Evid. 803(1) & (3).

The first two State witnesses were Officers Rector and Nelson, who responded to a burglar-alarm call. They noticed a broken window and a slightly opened back door, and upon further investigation, they discovered appellant in the back storage room. Following the direct and cross-examinations of both witnesses, appellant proffered the following testimony:

OFFICER RECTOR: [Appellant] said "I was looking for a place to sleep." I don't know the exact time he told me that. It was shortly after we took him into custody[,] and I don't know the exact time.

. . . .

OFFICER NELSON: (In response to the question, "Did [appellant] say something to you when you came into the building?") Uh-huh. Oh, he said he was trying to sleep is what he said. Going to sleep. I wrote a report on this. He said he was trying to find a place to sleep.

After appellant renewed his motion for directed verdict was denied, counsel added the following:

DEFENSE COUNSEL: One thing, I think probably [appellant] felt compelled to testify to get the reason out why he's in the home or in the building and entered illegally because we weren't allowed to get that testimony in through Officer Rector and Officer Nelson. I don't want any argument that we had for appeal to be waived because [appellant] testified. I think he felt compelled to testify be-

cause that testimony wasn't allowed to come in. I want it to be known we are not trying to waive any argument he has for appeal.

Appellant claims that, although the State did not use the word "intent," its own argument actually supported his position. The State argued that "because [appellant] said 'I was looking for a place to stay,' [t]hat involves [appellant's] impression about what he was experiencing when he entered the [business] when he decided to go on the premise." Appellant notes that he called the court's attention to *Wyles, supra,* saying that Rule 803(3) allows for the admission of state-of-mind testimony concerning intent to do something in the future.

Appellant further supported the use of his spontaneous statement, even if hearsay, by directing the court to *Chambers, supra.* In *Chambers,* the Supreme Court took issue with the Mississippi rule of evidence that excluded evidence because of hearsay, finding that the defendant was denied a trial in accord with fundamental standards of due process. While *Chambers* involved a different basic rule of hearsay evidence, the Supreme Court noted that the fundamental right of a defendant to examine the witnesses against him and the defendant's right to offer testimony is vital and trumps the hearsay rule. The court went on to say that the diminution of the right to cross-examine calls into question the ultimate integrity of the fact-finding process and requires the competing interest to be closely examined. *Id.* Appellant also cited *Green, supra,* which likewise held the excluded testimony to be highly relevant to a critical issue.

Appellant maintains that in his case, intent is a critical issue. He argues that the State would not have been hurt by the admission of his statement, as it could have utilized re-direct examination of the officers and the circumstantial evidence provided by Mr. Hurst's testimony to develop its theory of the case. Instead, because the circuit court excluded the information, appellant had to take the stand and admit to having a criminal history, which included burglary.

We hold that the circuit court did not abuse its discretion in determining that the statement in question did not qualify as either a present-sense impression under Rule 803(1) or as a statement of his then existing mental condition under Rule 803(3). A present-sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Ark. R. Evid. 803(1). A qualifying statement must describe or explain the event that the declarant is perceiving and must be made while the event or condition is being perceived by the declarant. *See Halfacre v. State,* 292 Ark. 331, 731 S.W.2d 179 (1987) (where the witness's description of the robber was given some time after the robbery, and not while he was perceiving the event or immediately thereafter, the present-sense-impression exception was not available). Evidence before us indicates that appellant's statement, which, in theory, supports his claim that his intent in entering the building was not to commit a theft, was made after he had been taken into custody and escorted to the police car and not immediately after he broke into the premises. Further, the statement explained what he was doing in the past and was not made while he was perceiving an event. *See Barrett v. State,* 354 Ark. 187, 119 S.W.3d 485 (2003) (witness's testimony about victim's statement to her that defendant had hit victim in the head was not admissible as a present-sense impression because the statement was not made immediately). Accordingly, the circuit court correctly found that appellant's statement does not fall under the present-sense-impression exception.

Additionally, the then-existing-condition exception to hearsay constitutes "a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain, and bodily health." Ark. R. Evid. 803(3). Although appellant again relies on *Wyles, supra,* his reliance is misplaced. In *Wyles,* the victim's stated intent to save money in her investment account to buy her daughter a car reflected her intent to do something in the future. Here, appellant did not state that he "was going" to break into the premises to sleep, and, as such, his statement does not reflect his future intent to undertake action but merely refers to his stated purpose for something he had already done. *See Primerica Life Ins. Co. v. Watson,* 362 Ark. 54, 207 S.W.3d 443 (2004) (insured's hearsay statement to his spouse that he needed to change the beneficiary on his life insurance policy since "he was going to keep her" was admissible as statement-of-intent exception).

We also hold that appellant has failed to demonstrate prejudice from the circuit court's exclusion of the hearsay statement. *See Harris, supra.* Appellant argues that he was prejudiced by the circuit court's ruling excluding the hearsay statement because the jurors were unable to hear the statement from the police officers. Although appellant's counsel vaguely mentioned in argument that appellant felt compelled to testify in order to "get the reason out" as to why he entered the building illegally, appellant neither specifically raised the issue below nor obtained a ruling on that issue. It is undisputed that the evidence sought to be admitted by appellant was introduced to the jury through his testimony. The jury heard appellant's alleged reason for entering the premises and was free to believe or not believe appellant, as was its province to do so. *See Echols v. State,* 326 Ark. 917, 936 S.W.2d 509 (1996).

We likewise find no merit in appellant's argument that he was deprived of his due-process right to a fair trial because he was unfairly limited in his cross-examination of the State's witnesses. To the extent that appellant is arguing that he was deprived of his right to cross-examine the witnesses, the State correctly points out that this argument is not preserved for appeal because he made no such claim below with respect to the right to cross-examine the officers. Issues raised for the first time on appeal, even constitutional ones, will not be considered because the circuit court never had the opportunity to rule on them. *Price v. State,* 2010 Ark. App. 111, 377 S.W.3d 324.

Finally, we hold that even if the circuit court's ruling excluding appellant's hearsay statement limited his right to cross-examine, any error was harmless. *See Caswell v. State,* 63 Ark.App. 59, 973 S.W.2d 832 (1998). In determining whether such an error is harmless, this court must examine various factors, including the importance of the witness's testimony, whether the testimony was cumulative, the presence or absence of corroborating or contradicting evidence, extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case. *Jones v. State,* 31 Ark.App. 23, 786 S.W.2d 851 (1990). In this case, the substance of the statement was disclosed by other testimony, specifically by appellant's own testimony. *See Fitzpatrick v. State,* 7 Ark. App. 246, 647 S.W.2d 480 (1983). Accordingly, we affirm appellant's conviction.

Affirmed.

VAUGHT, C.J., and HOOFMAN, J., agree.