# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-94

| | |
|---|---|
| JEREMY LEON STOCKTON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 15, 2014<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-97-768, CR-00-45, CR-00-587, CR-04-959]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**BILL H. WALMSLEY, Judge**

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1), appellant Jeremy Stockton's counsel has filed a no-merit brief and a motion to withdraw asserting that there are no non-frivolous arguments that would support an appeal. We are unable to consider the appeal at this time, however, because the brief is not in compliance with Arkansas Supreme Court Rule 4-2(a) or Rule 4-3(k)(1).

Appellant appeals from the November 5, 2012 order revoking his suspended imposition of sentence (SIS) on five counts in four separate cases: theft by deception (CR-1997-768), second-degree forgery (CR-2000-587), theft by receiving (G-CR-2000-45), residential burglary (CR-2004-959), and theft of property (CR-2004-959). Appellant filed a notice of appeal on November 8, 2012. An amended sentencing order was entered on

November 14, 2012, to correct clerical errors.

This court has stated that the record on appeal is limited to what is included in the briefs and the abstract, and the burden is on the appellant to provide an abstract and addendum that complies with Rule 4-2. *Dorsey v. State*, 2010 Ark. App. 742. Arkansas Supreme Court Rule 4-2(a)(8)(A) requires the addendum to include the order from which the appeal is taken. Here, the addendum does not include the sentencing order or the amended sentencing order being appealed. Counsel has also failed to include in his addendum the judgment and disposition order for case CR-2004-959 along with the terms and conditions for appellant's SIS in that case. For these reasons, we must order rebriefing to include these documents necessary for appeal.

Furthermore, appellant's counsel has failed to discuss all adverse rulings in the argument section of his brief. Rule 4-3(k)(1) provides that "the brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Counsel has failed to address two adverse rulings made on objections during defense counsel's examination of witnesses. A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1) and must be rebriefed. *Dorsey, supra*.

Accordingly, we order appellant to file a substituted brief containing all adverse rulings and a substituted addendum containing all relevant documents. Counsel has fifteen days from the date of this opinion in which to file a substituted brief. Ark. Sup. Ct. R. 4-2(b)(3). The

briefing deficiencies set forth in our opinion are not to be taken as an exhaustive list, and we urge counsel to carefully examine the record and review the rules before resubmitting a brief.

Rebriefing ordered; motion to withdraw denied.

GLOVER and VAUGHT, JJ., agree.

*Evan C. Bell*, for appellant.

No response.