
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-524

| | |
|---|---|
| | **Opinion Delivered** February 19, 2014 |
| AARON ANTHONY FLEMONS<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[Nos. CR-2000-827, CR-2008-1404] |
| V. | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal from the revocation of appellant Aaron Flemons's suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Flemons's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal and a statement of reasons why none of those rulings would be a meritorious ground for appeal. Flemons has filed pro se points for reversal, and the State has filed a brief asserting that his arguments are either barred or without merit.

On July 6, 2001, Flemons pled no contest to charges of possession of cocaine with intent to deliver and criminal mischief in the first degree. He was sentenced to six years' imprisonment in the Arkansas Department of Correction with an additional SIS of ten years for the cocaine

SLIP OPINION

charge, and six years in the ADC plus four years SIS on the criminal-mischief charge. On April 1, 2009, he pled guilty to third-degree domestic battery and was sentenced to one year in the ADC, with five years additional SIS.

On December 7, 2011, the State filed an amended petition to revoke alleging that Flemons violated the terms of his release by delivering cocaine on three occasions; delivering a counterfeit substance; committing domestic battery in the third degree on two occasions; and fleeing the scene of a personal-injury accident. At the revocation hearings on December 15, 2011, and January 13, 2012, the trial court found that Flemons had violated the terms and conditions of his SIS and sentenced him to a term of thirty years' imprisonment. On August 23, 2012, his attorney filed a no-merit brief, seeking to withdraw as counsel. Flemons filed pro se points on October 11, 2012, arguing ineffective assistance of counsel and challenging the sufficiency of the evidence supporting his revocation. On February 6, 2013, we remanded the case to the trial court to settle the record because the order and judgment from which the appeal flowed was not a part of the record. *Flemons v. State*, 2013 Ark. App. 71. On April 11, 2013, counsel again filed a no-merit brief and Flemons filed another pro se brief, this time presenting ineffective-assistance-of-counsel and illegal-sentence claims. On September 18, 2013, we ordered rebriefing in order to address the illegal-sentence claims raised in Flemons's second set of pro se points. *Flemons v. State*, 2013 Ark. App. 512. On November 1, 2013, counsel's third no-merit brief was submitted to our court, and Flemons filed additional points for reversal, incorporating by reference his previously tendered pro se points for reversal. The State responded on December 20, 2013.

SLIP OPINION

In this third attempt, counsel has now presented a sufficient record, addressed all adverse rulings, and offered adequate explanation as to why there are no potential meritorious grounds for appeal, and is therefore in compliance with the directive of *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals.

In order to revoke suspension or probation, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). The State need show only one violation of probation, and the circuit court's decision to revoke will not be reversed unless it is clearly against the preponderance of the evidence. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Here, the circuit court found that Flemons "violated the term of his suspended sentence" by engaging in new criminal behavior; specifically, that he committed

> three deliveries in the month of May, another delivery of a counterfeit substance in May, and then in June a domestic battery, July domestic battery, September we have the fleeing and accident which badly injured the victim. These are particularly troubling to the Court because the charges on which the Petition to Revoke was filed are cocaine-related charges and domestic-violence related charges.

The trial court's findings were based, in part, on the testimony of Detective Greg Napier, who is a narcotics investigator with the Fort Smith Police Department. Napier testified that he observed four arranged cocaine buys between Flemons and a confidential informant, Gretchen Carney. According to Napier, in the first three transactions, the substances that Flemons sold to Carney tested positive as cocaine. The substance recovered from the fourth transaction proved to be a waxy substance intended to look like crack cocaine.

Because the State need only prove one violation to revoke a suspended sentence, and evidence that would be insufficient for a criminal conviction is sufficient to support a revocation, we agree with Flemons's counsel that there is no possible merit in an argument that the trial court's decision to revoke was not predicated on sufficient evidence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006).

A review of the record shows that there were also four evidentiary rulings that were adverse to Flemons's defense. However, as noted by counsel, because Flemons's objections were made based on hearsay and relevancy, which are both well within the trial court's discretion, coupled with the fact that the strict rules of evidence do not apply in revocation hearings, there is no possible grounds for reversal in these adverse evidentiary rulings. *Caswell v. State*, 63 Ark. App. 59, 973 S.W.2d 832 (1998). Other than the underlying sufficiency of the evidence to support the revocation and these evidentiary issues, there were no other rulings adverse to Flemons. However, Flemons raises several additional arguments primarily involving the legality of the sentences he received and the effectiveness (or lack thereof) of his counsel. We agree with the State that Flemons's multiple pro se points are either not preserved for appeal or do not otherwise support reversal.

Although Flemons's illegal-sentence arguments were not made below, the legality of a sentence imposed is treated like a question of subject-matter jurisdiction and may be raised for the first time on appeal. *Young v. State*, 2009 Ark. App. 728. However, contrary to Flemons's claim, there was statutory authority to support both the term and the length of the sentences the court imposed. Ark. Code Ann. § 5-4-104(c) (Supp. 1999). "If the court revokes a suspension

or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty." Ark. Code Ann. § 5-4-309(f)(1)(A) (Supp. 1999). Thus, with regard to Flemons's claim that the six-year (plus ten years SIS) sentence he received in the initial possession-with-intent charge fell below that statutory mandatory minimum for a Class Y felony, he fails to account for the total term of his sentence, sixteen years, which is clearly within the statutory-required range of "not less than ten years and not more than forty years, or life." *Crouse v. State*, 2012 Ark. 442; Ark. Code Ann § 5-4-104 (c). Further, Flemons's arguments do not distinguish between the execution and imposition of sentence. The court did not lose authority to impose up to the maximum term of imprisonment to which Flemons was initially exposed, and his thirty-year sentence was within that range, and therefore legal. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006).

Finally, Flemons's ineffective-assistance-of-counsel claims are not preserved for direct appeal. *Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004). Flemons, however, is not without a remedy; he may challenge the effectiveness of his counsel under Rule 37 of the Arkansas Rules of Criminal Procedure. *Baker v. State*, 2011 Ark. App. 480.

From our review of the record and briefs presented to us, we find compliance with Rule 4-3(k) and that the appeal is wholly without merit. We also find no merit in the pro se claims of error that Flemons has filed on his own behalf. Accordingly, we affirm the court's adjudication and disposition and grant counsel's motion to withdraw.

> Affirmed; motion to withdraw granted.
> GLADWIN, C.J., and HIXSON, J., agree.
> *Shana R. Woodard*, for appellant.
> *Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.