

Cite as 2014 Ark. App. 300

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–13–94

| | |
|---|---|
| | **Opinion Delivered** MAY 14, 2014 |
| JEREMY LEON STOCKTON<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH AND GREENWOOD DISTRICTS |
| V. | [NOS. CR-1997-768, G-CR-2000-45, CR-2000-587, CR-2004-959] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BILL H. WALMSLEY, Judge**

Appellant Jeremy Stockton appeals from the revocation of his suspended imposition of sentence (SIS) on five convictions. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1) (2013), appellant's counsel has filed a no-merit brief and a motion to withdraw alleging that there are no non-frivolous arguments that would support an appeal.[1] The clerk of this court attempted to notify appellant of his right to file pro se points for reversal; however, the certified packet sent to appellant's last known address in the Arkansas Department of Correction was returned with a note that stated "paroled."

---

[1]We previously ordered rebriefing in this matter due to counsel's failure to include necessary documents in the addendum and failure to address all adverse rulings. *Stockton v. State*, 2014 Ark. App. 25. These deficiencies have now been corrected.

SLIP OPINION

Appellant's counsel has no additional contact information, and appellant has not filed pro se points. We affirm the revocations and grant the motion to withdraw.

On November 5, 2012, the trial court entered an order revoking appellant's SIS for the following convictions: theft by deception in CR-1997-768, theft by receiving in G-CR-2000-45, second-degree forgery in CR-2000-587, residential burglary in CR-2004-959, and theft of property in CR-2004-959. The trial court found that the State had proved by a preponderance of the evidence that appellant inexcusably violated conditions of his suspension by failing to pay restitution and committing sexual assault in the fourth degree. Appellant timely appealed.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Coleman v. State*, 2014 Ark. App. 61, at 2.

The first adverse ruling was the trial court's determination that it had jurisdiction to revoke appellant's SIS on his convictions for theft by deception, theft by receiving, and second-degree forgery despite the fact that the periods of suspension had expired. As counsel notes, if the court suspended imposition of sentence or placed a defendant on probation

SLIP OPINION

conditioned upon his making restitution, and the defendant has not satisfactorily made all of his payments when the probation period has ended, the court may continue to assert jurisdiction over the recalcitrant defendant and either extend the probation period as the court deems necessary or revoke the defendant's suspended sentence. Ark. Code Ann. § 16–93–311 (Supp. 2013). There was no dispute that appellant still owed restitution in these cases. Thus, we agree with counsel that there is no meritorious ground for appeal based on this ruling.

Counsel next addresses the sufficiency of the evidence supporting the revocation decision. To revoke probation, the burden is on the State to prove the violation of a condition of the probation by a preponderance of the evidence. *Boykins v. State*, 2012 Ark. App. 263. On appellate review, the trial court's findings are upheld unless they are clearly against the preponderance of the evidence. *Id*. Since the determination of the preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial court's superior position. *Id*.

At the revocation hearing, K.W. described an incident in January 2012 involving appellant, her stepfather's nephew. K.W. testified that as they were sitting in a car, appellant kissed her, rubbed her breasts, and touched her "private parts" between her legs despite her requests for him to stop. K.W. was fifteen years old at the time, and appellant was thirty-five. As counsel notes, the trial court found K.W. credible, and the uncorroborated testimony of the victim alone may be sufficient to sustain a conviction for sexual assault. *Boykins*, *supra*. Pursuant to Arkansas Code Annotated section 5-14-127(a)(1)(B) (Repl. 2013), a person commits sexual assault in the fourth degree if the person being twenty years of age or older

engages in sexual contact with another person who is less than sixteen years of age and not the person's spouse. "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10) (Repl. 2013). K.W.'s testimony established the elements for fourth-degree sexual assault, and no issue of arguable merit could be raised on appeal to reverse this finding.

Lastly, counsel addresses two adverse evidentiary rulings made upon the State's objections to defense counsel's questions. The trial court sustained the State's objection to counsel asking K.W. whether she had ever made another report of sexual assault. The trial court also sustained an objection to counsel asking appellant's mother whether it was in appellant's nature to touch a young lady in an inappropriate way. Counsel correctly notes that the rules of evidence do not apply in revocation proceedings. Ark. R. Evid. 1101 (2013). Furthermore, a trial court has broad discretion in evidentiary rulings. *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503. We agree that these rulings provide no possible grounds for reversal.

Based on our review of the record and the brief presented to this court, we conclude that there has been full compliance with Rule 4-3(k) and that the appeal is wholly without merit. Accordingly, we affirm the revocations and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WOOD and BROWN, JJ., agree.

*Evan C. Bell*, for appellant.

No response.