SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–13–769

| | |
|---|---|
| MICHAEL D. LANGEL <br><br> APPELLANT <br><br> V. <br><br><br> STATE OF ARKANSAS <br><br> APPELLEE | **Opinion Delivered** June 18, 2014 <br><br> APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-2009-92-1] <br><br> HONORABLE CHRIS E WILLIAMS, JUDGE <br><br> AFFIRMED; MOTION GRANTED |

**DAVID M. GLOVER, Judge**

This is a no-merit appeal from the revocation of Michael Langel's probation. In July 2010, Langel entered a negotiated plea of guilty to possession of cocaine and was sentenced to five years' probation. Conditions of Langel's probation included not committing an offense punishable by imprisonment; not using, selling, distributing, or possessing any illegal controlled substance; reporting to his probation officer; and paying fines and fees associated with his probation. A probation-violation petition was originally filed in February 2013 and then amended in May 2013; it asserted that Langel had violated the conditions of his probation by testing positive for marijuana on three occasions and cocaine on one occasion, by failing to report to his probation officer, and by failing to pay his fines and fees. After a hearing, the trial court found that Langel had violated the terms and conditions of his probation by testing positive for illegal drugs and by not paying his fines and fees and revoked

his probation, sentencing Langel to ten years in prison.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Langel's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Langel made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Langel with a copy of his counsel's brief and notified him of his right to file pro se points; Langel has filed points.

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that the appellant violated the terms of his probation; this court will not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Stockton v. State*, 2014 Ark. App. 300. The State need only show that the appellant committed one violation in order to sustain a revocation. *See Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000). The appellate courts defer to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Stockton*, *supra*.

In the present case, April Dorn, a probation and parole office for the Arkansas Department of Community Correction, testified that Langel had tested positive for marijuana on three occasions and cocaine on one occasion while on probation. Additionally, Langel, in his own testimony at the revocation hearing, admitted that he had begun using cocaine and marijuana again because he "had the wrong people." This admission alone constitutes

sufficient evidence to support the revocation of Langel's probation. Because Langel's use of illegal drugs constitutes a basis for revoking his probation, and the State is only required to prove one violation to sustain the revocation, it is unnecessary to discuss Langel's failure to pay fines and fees as a basis for revocation.

There was only one other ruling adverse to Langel, although it was not based on an objection, motion, or request made by either the prosecutor or Langel's counsel; rather, it was an adverse ruling from the trial court's own interjection that a line of questioning was not relevant. During his testimony, Langel stated that he was attending a program for substance abuse; the trial court interrupted and asked why that was relevant, as Langel had not been charged with failure to report to a substance-abuse program. Langel's counsel responded that Langel had been charged with testing positive for drugs; the trial court stated that testing positive for drugs had nothing to do with whether Langel was going to the substance-abuse clinic. Counsel asked if it was not relevant whether Langel was seeking treatment for the illegal drug use that was the basis for the revocation petition, and the trial court stated that it did not see anything relevant about it. The trial court was correct—the alleged probation violation was for using illegal drugs, not whether Langel was seeking treatment for his drug use; therefore, testimony about Langel's substance-abuse program was not relevant to the issue of whether he had tested positive for illegal drugs.

Langel has also filed pro se points. As discussed above, there is sufficient evidence to support the revocation of Langel's probation. All of Langel's other pro se points were not raised to the trial court; therefore, they are not preserved for appellate review. *Jordan v. State*,

SLIP OPINION

327 Ark. 117, 939 S.W.2d 255 (1997).

From a review of the record and the brief presented to this court, Langel's counsel has complied with the requirements of Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Langel's revocation is affirmed, and counsel's motion to be relieved is granted.

Affirmed; motion granted.

GRUBER and WHITEAKER, JJ., agree.

*Philip C. Wilson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.