Cite as 2015 Ark. App. 10

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–150

| | |
|---|---|
| DELEVECCHIO ANTONIO SUGGS<br>APPELLANT | Opinion Delivered JANUARY 14, 2015 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2010-740] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | AFFIRMED; COUNSEL'S MOTION TO BE RELIEVED GRANTED |

## DAVID M. GLOVER, Judge

In June 2010, appellant Delevecchio Suggs entered a guilty plea to the offense of possession of a controlled substance (marijuana) with intent to sell. He was placed on probation for five years. Conditions of his probation included payment of a $750 fine and $895 in costs and fees, to be paid in installments of $50 per month beginning in August 2010; paying a $25 monthly probation fee; living a law-abiding life; not using or possessing alcohol or any illegal drug; and notifying his probation officer and the sheriff of any employment or address changes. The State filed a petition to revoke Suggs's probation in August 2013, alleging that Suggs had failed to pay his fines, costs, and fees as directed; failed to report to his probation officer as directed and to pay his probation fees; failed to notify the sheriff and his probation officer of his current address and employment; possessed and used alcohol; and was arrested on two counts of DWI. At the revocation hearing, the trial court found that Suggs

had violated the terms of his probation by failing to pay his fines and costs and by possessing and using alcohol. The trial court revoked Suggs's probation and sentenced him to three years in prison, to be followed by a five-year suspended imposition of sentence. Suggs filed a timely notice of appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Suggs's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Suggs made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Suggs with a copy of his counsel's brief and notified him of his right to file pro se points; Suggs has not filed points.

The sole adverse ruling was the revocation of Suggs's probation. A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Banks v. State*, 2014 Ark. App. 639. The State has the burden of proving a probation violation by a preponderance of the evidence, and that decision will not be reversed by the appellate courts unless it is clearly against the preponderance of the evidence. *Langel v. State*, 2014 Ark. App. 397. The State need only show that the defendant committed one violation in order to sustain a revocation. *Banks*, *supra*. The appellate courts defer to the trial court's superior

position to determine credibility and the weight to be accorded testimony. *Langel*, *supra*.

At the revocation hearing, Amy Peyton, whose job is to collect fines, costs, and other assessments for the Crittenden County Sheriff's Office, testified that Suggs had paid nothing on his $750 fine or his $895 costs since he had been ordered to begin paying $50 per month in August 2010. Peyton said that Suggs had never contacted her regarding his fines and fees.

Where the alleged violation is failure to make court-ordered payments, it is the State's burden, by a preponderance of the evidence, to prove that the failure to pay was inexcusable. *Pevetoe v. State*, 2013 Ark. App. 161. Once the State introduces evidence of nonpayment, the defendant then bears the burden of going forward with some reasonable excuse for his failure to pay. *Id.*

Here, the State provided evidence that Suggs had made no payments toward his fine and costs. Suggs did not testify at the revocation hearing; he provided no reason for his failure to make any payments. This failure to make payments is sufficient evidence to sustain the revocation of Suggs's probation; therefore, it is unnecessary to discuss whether there was sufficient evidence to support the revocation of Suggs's probation based on his use of alcohol.

Affirmed; counsel's motion to be relieved granted.

GLADWIN, C.J., and GRUBER, J., agree.

*C. Brian Williams*, for appellant.

No response.