
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–130

| | |
|---|---|
| ROY MAURICE HARRIS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 4, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2008-151]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Roy Harris was sentenced to seven years' imprisonment after the Crittenden County Circuit Court found that he had violated the conditions of his probation. On appeal, Harris argues that the court erred in allowing the violation report prepared by his probation officer into evidence when the officer was not there to testify.[1] We find no error and affirm.

In an order entered 22 September 2008, Harris pleaded guilty to possession of a controlled substance and was sentenced to five years' probation. The conditions of his probation required him to pay all fines, court costs, and restitution as provided by the court's judgment and disposition order; to not use or possess any alcoholic beverage, marijuana, or other illegal drug; to submit to drug testing as directed by his probation

---

[1]This case was previously presented as a no-merit appeal. We ordered rebriefing in *Harris v. State*, 2014 Ark. App. 5, and the case has now been submitted as an appeal on the merits.

officer; to notify his probation officer and the sheriff of any change of address or employment; and to procure suitable employment.

In January 2011, the State filed a petition to revoke Harris's probation, alleging that he had (1) failed to pay fines, costs, and fees as directed; (2) failed to report to his probation officer; (3) failed to pay probation fees; (4) failed to notify the sheriff or his probation officer of his current address and employment; (5) possessed and used marijuana; (6) failed to report to Drug Assessment as ordered by his probation officer; (7) failed to work regularly at suitable employment; (8) driven a motor vehicle with a suspended driver's license; and (9) failed to appear in district court. At a hearing in April 2011, Debra Wiseman, an employee of the Crittenden County Sheriff's Office, testified that beginning on 22 October 2008, Harris was supposed to pay $795 in fines and costs at a rate of $50 per month. She testified that she had not received any payments or had any communication with Harris.

Shareka Montgomery, an employee of the Department of Community Corrections, testified that she was standing in for Michael German, who was Harris's probation officer. The State asked Montgomery about the violation report filed by German, specifically what it indicated about Harris's activities while being supervised, at which point defense counsel objected, arguing that the report was hearsay and that the defense was unable to "confront him and cross-examine" German about the report. The court overruled the objection and allowed the report to be entered into evidence.

Harris acknowledged that he had been placed on probation in September 2008 and testified that he had been reporting to his probation officer at least twice a week until he

found a job, at which time it decreased to once a week. He testified that he had been working at FedEx for the last three weeks and had been taking GED classes. He explained that he had been through drug classes at the direction of his probation officer but that he had relapsed and used marijuana, although he had not smoked "in like a month." He claimed to be unaware of the $795 in fines and costs that he was required to pay but admitted that he was aware of the $25 a month probation fee that he had failed to pay. He also admitted that he been jailed twice for driving on a suspended license. He acknowledged he had made no payments toward the $795 but thought that he could get it paid off now that he was working. He stated that he was "just trying to get on the right track."

The court found by a preponderance of the evidence that Harris had violated the conditions of his probation. The court ordered Harris to spend two days in the Crittenden County Detention Center and deferred further sentencing until 19 August 2011. The next hearing was not held until 4 November 2011, however, at which German was present and explained that Harris had reported sporadically and had been "very slow" about completing his community-service requirement. German also testified that Harris still owed $200 in fees. Harris stated that he was working through a temporary agency and that he had paid $300 toward his fines and costs. When asked by the court, German stated that Harris had not "projected effort." The court expressed concern at Harris's failure to pay probation fees and to visit German regularly but decided to once again postpone sentencing Harris to a regional punishment facility in order to give him a

chance to comply. The court sentenced Harris to thirty days in the Crittenden County Detention Center and set a hearing date for 16 April 2012.

Harris failed to appear at the April 16 hearing and at a hearing scheduled on June 26. On 14 September 2012, Harris appeared before the court and testified that he had come to court on April 16 but had car trouble while on a lunch break and could not make it back in time. He explained that by the time he made it back he was told the court had already issued a warrant so he "just went home." When asked about the June 26 failure to appear, he claimed that was the date that he had car trouble and that he had not known that he was supposed to appear on April 16. The court explained that it had postponed sentencing to give Harris a "chance to earn [his] way out of the penitentiary" but that he "absolutely blew that." The court sentenced Harris to seven years' imprisonment, and this appeal followed.

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *Reynolds v. State*, 2012 Ark. App. 705. The State has the burden of proof but need prove only one violation. *Id*. We will not reverse the circuit court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id*. When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the trial court to decide these matters. *Id*.

Although the rules of evidence, including the hearsay rule, are not strictly applicable in revocation proceedings, the right to confront witnesses is. *Jones v. State*, 31 Ark. App. 23, 786 S.W.2d 851 (1990). Arkansas Code Annotated section 16-93-307(c)(1)

(Supp. 2013) provides that the defendant has the right to confront and cross-examine adverse witnesses unless the court specifically finds good cause for not allowing confrontation. The court "may permit the introduction of any relevant evidence of the alleged violation, including a letter, affidavit, and other documentary evidence, regardless of its admissibility under the rules governing the admission of evidence in a criminal trial." Ark. Code Ann. § 16-93-307(c)(2).

Harris argues that the court violated his confrontation-clause rights when it allowed the violation report created by German into evidence. The State counters that any error in admitting the report was harmless, as the circuit court's determination that Harris violated the terms and conditions of his probation was supported by the evidence, including Harris's own testimony.

We hold that we need not address Harris's argument because any error in admitting the report was harmless. The State is correct that, even assuming that the admission of the violation report violated the confrontation clause, the error can be harmless. *See Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000) (explaining that denial of an accused's right to confront witnesses may be harmless error because the State need only prove one violation to establish that appellant violated his suspended sentence, and appellant did not challenge the sufficiency of the evidence to support the State's separate allegation that appellant committed the crime of second-degree battery).

Without considering the violations listed in the report prepared in January 2011, the evidence showed that Harris failed to pay his fines, costs, and fees as required, and by Harris's own admission, he had recently smoked marijuana, which was another violation

of his probation. Therefore, we hold that any error in admitting the report was harmless and affirm the revocation.

Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Laura Avery*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.