2009 Ark. App. 535

**Jeffrey L. BOEN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–588.**

Court of Appeals of Arkansas.

July 1, 2009.

John Burnett, Russellville, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

**D.P. MARSHALL JR., Judge.**

A jury convicted Jeffrey Boen of theft of property and first-degree criminal mischief. On his theft conviction, Boen was sentenced to fifteen years in the Arkansas Department of Correction and ordered to pay a $15,000.00 fine. And he was sentenced to one year in the Johnson County Jail and assessed a $1,000.00 fine on his first-degree criminal mischief conviction. Boen's lawyer has filed a no-merit brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Arkansas Supreme Court Rule 4–3(k)(1). This brief purports to list all of the adverse rulings and to explain why none have merit. Boen filed a list of *pro se* points for reversal. Boen's lawyer has also moved to withdraw.

We must order rebriefing. The governing rule requires counsel to list "all" adverse rulings and explain why each ruling would not warrant reversal. Ark. Sup.Ct. R. 4–3(k)(1). The precedent requires full compliance with the rule. *E.g., Brady v. State,* 346 Ark. 298, 302, 57 S.W.3d 691, 694 (2001); *Brown v. State,* 85 Ark.App. 382, 393–94, 155 S.W.3d 22, 29 (2004). Boen's attorney missed two adverse rulings. First, the prosecutor objected during Boen's attorney's closing argument. And the circuit court sustained this objection. Second, after sentencing, Boen's attorney asked the circuit court to allow Boen's initial bond of $10,000.00 to stand, but the circuit court refused and set Boen's appeal bond at $50,000.00. Counsel should file a new brief within thirty days that also addresses these adverse rulings.

Rebriefing ordered.

HART and GLOVER, JJ., agree.