

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-524

| | |
|---|---|
| | **Opinion Delivered** September 18, 2013 |
| | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| AARON ANTHONY FLEMONS | [Nos. CR-2000-827, CR-2008-1404] |
| APPELLANT | |
| V. | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | MOTION DENIED; REBRIEFING ORDERED |

**LARRY D. VAUGHT, Judge**

Aaron Anthony Flemons appeals from a decision of the Sebastian County Circuit Court finding that he had violated the terms and conditions of his two suspended sentences and sentencing him to a total of thirty years in the Arkansas Department of Correction.

Flemons's attorney has filed a motion to withdraw as counsel and a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1) (2013), asserting that an appeal would be wholly frivolous and that this case should be affirmed. Flemons has exercised his right to file pro se points for reversal, arguing that the trial court's sentence is illegal. The State has filed a response brief to Flemons's pro se points. We conclude that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k); therefore, we order rebriefing.



In the context of no-merit appeals and in furtherance of the goal of protecting a defendant's constitutional rights, it is the duty of both counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Wakeley v. State*, 2012 Ark. App. 448, at 1–3. Further, counsel's no-merit brief must contain an argument section that consists of a discussion of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). Our precedent requires full compliance with the rule. *Boen v. State*, 2009 Ark. App. 535, at 2, 336 S.W.3d 883, 883.

In his pro se points, Flemons argues that the trial court's sentence is illegal. The State incorrectly asserts that Flemons's pro se point cannot be heard on appeal because it was not argued below. However, Flemons's argument is that the trial court could not sentence him to any term beyond that remaining on his previous suspended sentences. This is an illegal-sentence argument, and allegations of void or illegal sentences are treated like questions of subject-matter jurisdiction, which can be raised for the first time on appeal. *Young v. State*, 2009 Ark. App. 728, at 2.

In addition to the omission of any discussion as to the merit (or lack thereof) of Flemons's illegal-sentence claim, our review of the record reveals that the court sustained two relevancy objections by the State, which were abstracted but not discussed by counsel. These are merely examples of adverse rulings that should have been addressed in counsel's brief, and we do not intend for counsel to rely on them as an exclusive list. We strongly encourage counsel,

prior to filing another brief, abstract, and addendum, to review our rules to avoid additional deficiencies. Once again, we direct counsel's attention to the briefing requirements for no-merit appeals:

> The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

Ark. Sup. Ct. R. 4-3(k)(1).

We express no opinion as to whether the new appeal should be on the merits or should be made pursuant to Ark. Sup. Ct. R. 4-3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to appellant so that, within thirty days, he may again raise any points he chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2). Counsel's motion to withdraw is denied, and the case is ordered to be rebriefed.

Motion denied; rebriefing ordered.

PITTMAN and WALMSLEY, JJ., agree.


*Shana R. Woodard*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.