2014 Ark. App. 403

**David Wade TENNANT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–853.**

Court of Appeals of Arkansas.

June 18, 2014.

Lewis Law Firm, by: Nathan D. Lewis, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnn J. Adams, Ass't Att'y Gen., for appellee.

PHILLIP T. WHITEAKER, Judge.

Appellant David Tennant was convicted by the Benton County Circuit Court of one count of possession of drug paraphernalia, a Class D felony. Pursuant to Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals (2013), Tennant's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal.[1] Because our review of the record reveals an issue on which an appeal may not be wholly frivolous, we order rebriefing.

---

**1.** Tennant has filed pro se points, and the State has filed a reply brief. Because we order rebriefing, we do not address Tennant's pro se points at this time.

In the context of no-merit appeals, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous, in furtherance of the goal of protecting a defendant's constitutional rights. *Reed v. State,* 2013 Ark. App. 432, at 3, 2013 WL 3282947; *Wakeley v. State,* 2012 Ark. App. 448, at 2–3, 2012 WL 3744705. A no-merit brief must contain an argument section that consists of a discussion of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup.Ct. R. 4–3(k)(1); *Reed,* 2013 Ark. App. 432, at 3–4. Our precedent requires full compliance with the rule. *Reed, supra; Boen v. State,* 2009 Ark. App. 535, 336 S.W.3d 883.

Tennant's counsel's no-merit brief appropriately discusses the sufficiency of the evidence supporting Tennant's conviction. Counsel fails, however, to adequately address the one other adverse ruling that occurred during the bench trial.

Sergeant Scott Miller of the Siloam Springs Police Department testified that he was dispatched to a fight. When Miller arrived at the scene, he recognized, through numerous past dealings, two of the individuals involved in the fight: Collin Self and appellant Tennant. As Miller approached the car, he saw Self making "a lot of hurried movement action" and reaching down underneath the front seat of the vehicle in which he was sitting. There was also a lot of movement from the passenger-side back seat, where Tennant was sitting. Miller walked up to the car, identified everyone, and, while he was speaking to them, noticed the handle of a spoon and the plunger end of a syringe protruding from under the driver's seat.

Miller asked the occupants of the car about the fight, and they all gave consistent stories about what had happened. Miller then asked Self about the items Miller saw under the front seat. Self was not cooperative and would not answer any questions. Miller conducted a probable-cause search of the car based on the occupants' behavior and his knowledge of Self's and Tennant's histories. The search revealed an uncapped syringe with a liquid substance in it, a spoon with a white-powdery residue, and a cotton ball under the seat. An empty package of syringes and three unused syringes were found inside a cooler bag, and a drink bottle half-full of a liquid and a "crystal-like substance" was also found in the vehicle.

Miller again asked the occupants of the car what they knew about the items he found in the search, and they all denied any knowledge of them. As Miller was speaking to Self, Tennant "began to yell at Mr. Self about owning it and own what is yours." Self began yelling back at Tennant, and Miller decided to arrest them all for constructive possession of the items found in the car. Tennant, who was searched incident to the arrest, had a syringe end cap and a syringe in his pocket. Once everyone was taken to the police station and given their *Miranda* warnings, Tennant told Miller that he and the others had gotten together to get high on methamphetamine.

The adverse ruling occurred during Tennant's cross-examination of Miller. Miller admitted that Tennant was not free to leave and had not been advised of his *Miranda* rights at the point when he and Self began to exchange comments about trying to get each other to take responsibility for ownership of the paraphernalia that Miller found. Counsel asked the court to strike Miller's testimony about Tennant's and Self's statements made at

the scene of the arrest, arguing that they "were in custody and had not been Mirandized at that point."

The State responded that counsel's objection "would have been ripe for a suppression hearing, not [at] trial." The State also asked if it could seek clarification from Miller about whether Tennant's and Self's statements were spontaneous arguments between the two of them, or whether they were in response to questioning by Miller. Miller replied that the comments were

> not prompted by myself or any of the other officers. They were all worried about going to jail, because I explained to them that if nobody is going to own this stuff then I have no choice but to arrest all of you for possession and that is when Mr. Tennant took it upon himself to start arguing with Mr. Self and Mr. Self replied back.

The court then denied counsel's motion.

█ In his no-merit brief, counsel makes the following statement concerning this adverse ruling:

> "Evidentiary rulings are left to the sound discretion of the trial judge." *Payton v. State,* 2012 Ark. App. 37 [2012 WL 76169] (citing *Gilcrease v. State,* 2009 Ark. 298, 318 S.W.3d 70). Therefore, the trial judge acted appropriately in denying the motion considering the weight of the evidence produced against the defendant.

Other than the evidentiary argument, counsel raises no constitutional or suppression arguments in the no-merit brief. It is not obvious to us, however, that there is no meritorious argument that could be made about this issue.

Miller admitted that Tennant was in custody but had not been given his *Miranda* warnings when he and Self began telling each other to "man up" and "own up" to the paraphernalia. Miller also testified that he told Tennant and Self that if no one "owned this stuff," he would arrest them all. In *Hall v. State,* 361 Ark. 379, 206 S.W.3d 830 (2005), the supreme court noted that "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Hall,* 361 Ark. at 389, 206 S.W.3d at 836 (quoting *State v. Pittman,* 360 Ark. 273, 200 S.W.3d 893 (2005), and *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). We believe that counsel needs to address whether Tennant's statements were, in fact, incriminating and whether Miller's threat to arrest everyone was "reasonably likely to elicit an incriminating response." Whether there would be merit to an argument on this issue remains to be seen. It is counsel's burden, however, not this court's, to address it. *See Mace v. State,* 2012 Ark. App. 42, at 3, 2012 WL 76157 ("While it is this court's duty to fully examine the record to determine if an appeal would be wholly without merit, it is not our duty to do so with the purpose of instructing counsel what to include in a no-merit brief.") (quoting *Walton v. State,* 94 Ark. App. 229, 232, 228 S.W.3d 524, 526 (2006)).

█ This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State,* 74 Ark.App. 277, 47 S.W.3d 915 (2001). When an appeal is submitted to this court under Rule 4–3(k) and we believe that an issue is not wholly frivolous, we are required to deny appellant's counsel's motion to withdraw and order rebriefing in adversary form. *Runion v. State,* 2012 Ark. App. 30, 2012 WL 76156; *Tucker v. State,*

47 Ark.App. 96, 98, 885 S.W.2d 904, 905 (1994). Because counsel has failed to demonstrate that an appeal would be wholly frivolous, we order rebriefing.

Motion to withdraw denied; rebriefing ordered.

GRUBER and GLOVER, JJ., agree.