

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-783

KAMRAN TYSHUN JACKSON
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered June 17, 2015

APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT
[NO. 15CR-13-154]

HONORABLE JERRY RAMEY, JUDGE

REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE

## PHILLIP T. WHITEAKER, Judge

Kamran Tyshun Jackson appeals his Conway County jury conviction of one count of theft of property with a value over $1,000 but less than $5,000—a Class D felony. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1) (2014), Jackson's counsel has filed a no-merit brief and a motion to withdraw asserting that there are no nonfrivolous arguments that would arguably support an appeal. However, we cannot reach the merits of this appeal at this time because counsel's brief is deficient.

Our supreme court recently reiterated the requirements that must be met in order to satisfy Rule 4–3(k) and *Anders*:

Our Rule 4–3(k), which is based on *Anders*, sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy Rule 4–3(k) and the framework set forth in *Anders*, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to

appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. Rule 4–3(k)(1) states in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.*

*Id*. (emphasis added).

A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam).

*Kou Her v. State*, 2015 Ark. 91 at 2.

Counsel in this case has failed to abstract and address at least one adverse ruling. At sentencing, trial counsel requested that the court run Jackson's sentence concurrently with his sentences in CR 2011–58 and CR 2013–209. The court denied counsel's request and ordered that his sentences run consecutively.

Because counsel has failed to abstract and address all rulings decided adversely to the appellant, counsel has failed to comply with Rule 4–3(k); thus, we order rebriefing. We encourage counsel to carefully examine the record and review our rules before resubmitting an *Anders* brief. Accordingly, we order counsel to submit a substituted brief within fifteen days of this opinion. Ark. Sup. Ct. R. 4-2(b)(3). If counsel chooses to again file an *Anders* brief, his brief will be forwarded by our clerk to Jackson so that, within thirty days, he will again have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2), and the State shall be afforded the opportunity to file a responsive brief.



Rebriefing ordered; motion to withdraw denied without prejudice.

VAUGHT and HIXSON, JJ., agree.

*Files & Brasuell, PLLC*, by: *Toney B. Brasuell*, for appellant.

No response.