

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–16–812

| | |
|---|---|
| CHRISTOPHER SCOTT REYNOLDS<br>APPELLANT | **Opinion Delivered** June 21, 2017 |
| V. | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR-14-35] |
| | HONORABLE ROBERT McCALLUM, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Christopher Reynolds was convicted by a Clark County jury of one count of first-degree domestic battery and was sentenced to fourteen years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Reynolds's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. Reynolds was provided a copy of counsel's brief and notified of his right to file a list of points within thirty days; he filed pro se points, and the State filed a responsive brief. Because counsel has not filed a brief that complies with Rule 4–3(k), however, we must order rebriefing at this time.

SLIP OPINION

Rule 4–3(k), which is based on *Anders*, sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy Rule 4–3(k) and the framework set forth in *Anders*, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. *Jackson v. State*, 2015 Ark. App. 400, at 1–2 (citing *Kou Her v. State*, 2015 Ark. 91, at 2). Rule 4–3(k)(1) states in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.*

(Emphasis added.) A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Jackson*, 2015 Ark. App. 400, at 2 (citing *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam)).

In his brief, Reynolds's counsel asserts that "the only rulings adverse to Appellant were the court's denial of his motion for directed verdict as to the charge of Domestic Battery 1st Degree, and the Court's denial of the use of Defendant's proffered jury instruction, AMCI2d, 2610 . . . to include the definition of 'under circumstances manifesting extreme indifference to the value of human life.'" These rulings are appropriately addressed in counsel's brief.

Our review of the record, however, reveals at least eight other adverse evidentiary rulings during trial. Counsel properly abstracted these objections and adverse rulings, but he did not discuss them in his brief. In addition, counsel failed to abstract a pretrial bond-

reduction hearing during which the court sustained the State's three relevancy objections. Evidentiary rulings must be abstracted and discussed. *See Collier v. State*, 2013 Ark. App. 119 (ordering rebriefing where two adverse evidentiary rulings were abstracted but not discussed by counsel in appellant's brief). Additionally, Reynolds filed an unsuccessful posttrial motion for an appeal bond; although the order denying this motion is in the addendum, counsel does not address it on appeal. This ruling must likewise be discussed in a no-merit brief. *See Reed v. State*, 2013 Ark. App. 14 (ordering rebriefing where counsel failed to discuss the circuit court's refusal to approve an appeal bond) (citing *Boen v. State*, 2009 Ark. App. 535, 336 S.W.3d 883).

Counsel's motion to withdraw must therefore be denied. Counsel is encouraged to review *Anders*, *supra*, and Rule 4-3(k)(1) for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After the filing of the substituted brief, our clerk will forward counsel's motion and brief to Reynolds so that, within thirty days, he again will have the opportunity to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given the opportunity to file a responsive brief. Reynolds and the State may elect instead to stand on the original pro se points and responsive brief in this case.

Motion to withdraw denied; rebriefing ordered.

VIRDEN and MURPHY, JJ., agree.

*Gregory L. Vardaman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.