Cite as 2020 Ark. App. 338

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-370

|  |  |
|---|---|
|  | **Opinion Delivered** June 3, 2020 |
| LENTONIO MARCELL JENNER<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-17-3297] |
| V. | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

After a three-day jury trial, Lentonio Marcell Jenner was convicted of aggravated residential robbery, aggravated robbery, two counts of kidnapping, third-degree battery, two counts of terroristic threatening, and being a felon in possession of a firearm and was sentenced by the Washington County Circuit Court to twenty-two years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court, Lentonio's counsel has filed a motion to withdraw as counsel. The motion is accompanied by an abstract and addendum of the proceedings below that allegedly include all objections and motions decided adversely to Lentonio along with a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and no-merit brief to Lentonio's last known address informing him of his right to file pro se points for reversal; however, he has not done

so. Consequently, the State has not filed a brief. Because counsel has not filed a brief that complies with *Anders* and Rule 4-3(k), we order rebriefing.

At trial, the State presented evidence that on the afternoon of October 13, 2017, Lentonio, armed with a firearm, approached Jerry Moore outside the Moore home in Fayetteville and demanded "big money" from Jerry. Lentonio forced Jerry into his house to retrieve his car keys, which is where they encountered Jerry's wife, Lou. Lentonio threatened to shoot Jerry and Lou if they ran or screamed for help, he ordered Jerry and Lou into their car, and he directed Jerry to drive all three of them to the Moores' bank. On the way to the bank and while he was stopped at an intersection on Huntsville Road, Jerry retrieved his firearm located in the driver's-side door of his vehicle after which a fight ensued between Jerry and Lentonio in the front seat of the car. During the struggle, Lentonio was shot, and Jerry was bitten multiple times on his arm. Jerry was able to open the car door and throw Lentonio out of the car. The Moores drove away, called 911, and sought medical treatment for Jerry's injuries. Lentonio was found by police officers on the ground on Huntsville Road with two firearms in his pants. He was taken to the hospital for treatment for the gunshot wound and later arrested.

The jury found Lentonio guilty of the eight felony counts listed above. Thereafter, the circuit court entered an amended sentencing order imposing the twenty-two-year sentence. This no-merit appeal followed.[1]

---

[1]This appeal was initially a merit-based one. Lentonio argued that reversal was required because the jury instructions on which the jury's verdicts were based were not filed in the circuit court and did not appear in the record. After the State supplemented the record with the jury instructions, Lentonio's counsel subsequently filed a motion to file a no-merit brief, which was granted by this court on December 4, 2019.

Rule 4-3(k), which is based on *Anders*, sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy both Rule 4-3(k) and the framework set forth in *Anders*, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. *Reynolds v. State*, 2017 Ark. App. 397, at 2. Rule 4-3(k)(1) states in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

Ark. Sup. Ct. R. 4-3(k)(1) (2019). A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1) and must be rebriefed. *Sartin v. State*, 2010 Ark. 16, at 8, 362 S.W.3d 877, 882 (per curiam).

Our review of the record reveals numerous deficiencies in counsel's no-merit brief. First, Lentonio's counsel failed to abstract two pretrial hearings—consisting of almost one hundred pages of transcript—held on six pretrial motions that were filed by Lentonio.[2] At the

---

[2]The six pretrial motions are (1) a motion for an enhanced juror pool, (2) a motion to assure fair and accurate cross section of the community for the jury, (3) a motion to disqualify prosecuting attorney Chloe Fackler, (4) a motion to determine pretrial release, (5) a motion to compel discovery to assure a fair and accurate cross section of the community for the jury, and (6) a motion in limine to exclude Rule 404(b) evidence.

conclusion of this hearing, the circuit court ruled against Lentonio on five of these pretrial motions.[3]

In addition to the adverse disposition of five of Lentonio's pretrial motions, the record reveals that there were other adverse rulings made during the hearings that were not abstracted (as stated above) or discussed in the no-merit brief. For example, during the hearing on Lentonio's motion to determine pretrial release, the circuit court overruled Lentonio's counsel's relevancy objection related to photographs the State sought to introduce. During this same hearing, defense counsel raised a confrontation-clause objection during the testimony of Detective Roy Knott that was ultimately overruled by the circuit court. During the second pretrial hearing, the State made an asked-and-answered objection, and defense counsel said he would rephrase the question. However, the circuit court directed counsel to "ask another question. She's answered the one that you asked."

We further note that while counsel discussed in the no-merit brief the adverse rulings arising from the circuit court's denial of three of Lentonio's pretrial motions,[4] counsel failed to discuss two of the pretrial motions on which the circuit court ruled against Lentonio: the motion to determine pretrial release and the motion to compel discovery to assure a fair and accurate cross section of the community for the jury.

---

[3]The circuit court entered an agreed order disposing of Lentonio's motion in limine to exclude Rue 404(b) evidence.

[4]Counsel's no-merit brief discusses the circuit court's denial of Lentonio's motion for an enhanced juror pool, motion to assure fair and accurate cross section of the community for the jury, and motion to disqualify prosecuting attorney Chloe Fackler.

Counsel also failed to abstract and discuss three adverse rulings that occurred during voir dire. The first occurred when the circuit court overruled Lentonio's objection to the dismissal of a juror who was a minority. The second occurred when the circuit court overruled Lentonio's renewed objection to his motion to assure fair and accurate cross section of the community for the jury. The third occurred when the circuit court overruled Lentonio's motion for mistrial.

Counsel has also reduced a three-day jury-trial transcript consisting of over five hundred pages into a twenty-seven-page abstract. In doing so, he failed to abstract (1) the testimony of nine witnesses;[5] (2) two 911 calls that were played for the jury; (3) defense counsel's motion for directed verdict and its renewal; and (4) at least three adverse evidentiary rulings.[6] In addition to failing to abstract the three evidentiary adverse rulings, counsel fails to discuss them in the no-merit brief.

Counsel's failure to abstract and/or discuss the adverse rulings discussed above violates Rule 4-3(k)(1); *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882 (holding that in a criminal case, on direct appeal, a no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1) and must be rebriefed); *Reynolds v. State*, 2017 Ark. App. 397, at 2–3 (ordering rebriefing in no-merit appeal because counsel failed to abstract a pretrial bond-reduction hearing during which the court sustained the State's three relevancy objections).

---

[5]Eleven witnesses testified at trial.

[6]During the testimony of Detective Knotts, the circuit court overruled three separate hearsay objections made by Lentonio's counsel.

Due to the deficiencies detailed herein, rebriefing is required. We do not direct that the substituted brief be on a merit or no-merit basis but rather leave that to counsel's professional judgment. If counsel elects to file a no-merit brief, counsel is encouraged to review *Anders* and Rule 4-3(k)(1) for the requirements and to ensure that no deficiencies, including but not limited to those listed above, are present. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3) (2019). After the substituted brief has been filed, our clerk will forward counsel's motion and brief to Lentonio so that, within thirty days, he again will have the opportunity to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given the opportunity to file a responsive brief.

Motion to withdraw denied; rebriefing ordered.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Armstrong Teasdale LLP*, by: *Jonathan R. Shulan*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.