Cite as 2021 Ark. App. 11

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–20–103

|  |  |  |
|---|---|---|
| MELISSA JOYNER | | **Opinion Delivered:** January 13, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | | [NO. 30CR-17-23] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## RITA W. GRUBER, Judge

The Hot Spring County Circuit Court revoked Melissa Joyner's probation and sentenced her to fifteen years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4–3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw, stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified her of her right to file a pro se statement of points for reversal within thirty days, but she has not done so. We hold that counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k). Accordingly, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4–3(k) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8, at 2. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Riley v. State*, 2019 Ark. 252, at 2.

Our review of this record demonstrates that counsel failed to address at least two adverse rulings. At the beginning of the hearing to revoke appellant's probation, appellant's appointed public defender told the court that appellant had just advised her that she planned to retain private counsel. Upon questioning by the court, appellant stated that her aunt, who was not present at the hearing, was going to pay for her to hire a lawyer. The court rejected her request. Counsel also failed to address the circuit court's denial of appellant's request in her testimony to send her to "rehab" rather than to prison. *See Pettigrew v. State*, 2019 Ark. App. 336. The court denied her request and sentenced her to fifteen years' imprisonment. Counsel failed to explain why either of these adverse rulings would not be a meritorious ground for reversal on appeal.

The deficiencies we have noted should not be considered an exhaustive list, and counsel is strongly encouraged to review *Anders* and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and she will have 30 days within which to raise pro se points in accordance with Rule 4-3(k). The State will be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and HIXSON, JJ., agree.

*Gregory Crain*, for appellant.

One brief only.