Cite as 2021 Ark. App. 214

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-20-103

|  |  |
|---|---|
| MELISSA JOYNER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 5, 2021<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-17-23]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

This no-merit appeal returns to us after we ordered rebriefing in *Joyner v. State*, 2021 Ark. App. 11. The Hot Spring County Circuit Court revoked Melissa Joyner's probation and sentenced her to fifteen years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified her of her right to file within thirty days a pro se statement of points for reversal, but she has not done so. The briefing deficiencies have been corrected by counsel, and we affirm the revocation and grant counsel's motion to withdraw.

Appellant's negotiated plea of guilty to four counts of forgery, Class B felonies, was entered on April 13, 2017. She was sentenced to sixty months' probation for each count to be served concurrently, reflected in a sentencing order entered on May 26, 2017. Her probation was revoked in an order entered on October 24, 2017, for violation of the conditions of her probation, and the court sentenced her to 120 months' probation plus one year of confinement in the Community Correction Center for each of the four counts to be served concurrently.

On August 20, 2019, the State filed a petition to revoke, attaching a report of probation violation, alleging that appellant had committed the criminal offenses of driving on a suspended license, possession of a controlled substance, and possession of drug paraphernalia; tested positive for amphetamines; and failed to make court-ordered payments of restitution and fines.

At a revocation hearing held on October 14, 2019, appellant's probation officer, Evan Thomas, testified that appellant had sixty-five offender-violation points for violating the conditions of her probation. He said that in January she was charged with driving on a suspended license and in July she was charged with possession of a controlled substance, possession of drug paraphernalia, fictitious license plate, and driving on a suspended license. He also testified that on February 21 and July 18, appellant tested positive for amphetamines. Finally, he said that as of August 14, appellant had made no payments toward restitution, for which she owed $200, or toward her court costs and fines, for which she owed $3,450. Appellant testified and agreed that she had violated her probation in all of these instances.

2

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel identifies two rulings adverse to appellant in addition to the revocation decision. He has addressed each adverse ruling arguing that there is no merit and that evidence supported the circuit court's decision to revoke appellant's probation.

We turn first to whether the evidence was sufficient to support the revocation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *Green v. State*, 2010 Ark. App. 174, at 4. The State need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Here, the undisputed testimony was that appellant tested positive for amphetamines in violation of a condition forbidding her from using, selling, distributing, or possessing any controlled substance. Mr. Evans also testified that appellant had been charged with several violations of the law, including possession of a controlled substance and driving on a suspended license. Finally, Mr. Evans said that appellant failed to pay her court-ordered restitution and fines. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

Counsel also addresses the court's denial of appellant's "request" on the day of the trial to continue the case so that she could hire private counsel. Appellant, who was represented by appointed counsel, stated that she had spoken to her aunt who was "going

to pay" for her to hire a lawyer. On questioning by the court, appellant admitted that she was aware of her court date, that she had not yet hired anyone, that she could not afford to hire counsel, and that her aunt was not at the hearing. We agree with counsel that there would be no merit to an appeal of this issue.

Finally, counsel addressed the court's denial of appellant's request for probation or drug rehabilitation rather than prison. Appellant graduated from the drug-court program. Shortly after that, her probation was revoked in 2017, and she attended a residential program for drug treatment. She admitted at the hearing in this case that she continued to use methamphetamine, and she said she would not pass a drug screen if given one on the day of the hearing. In a revocation proceeding, the trial court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2019). Here, appellant was sentenced within the statutory guidelines. *See* Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013). No meritorious argument could be made that the circuit court abused its discretion in not reinstating her probation or placing her in the drug-court program.

From our review of the record and the brief presented to us, we find counsel has complied with *Anders* and Rule 4-3(k) and hold that the appeal is without merit. Accordingly, we grant counsel's motion to withdraw and affirm the revocation.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and ABRAMSON, J., agree.

*Gregory Crain*, for appellant.

One brief only.

4