Cite as 2023 Ark. App. 15

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-406

TODD MICHAEL WINTERS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered January 18, 2023

APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT
[NO. 06CR-17-69]

HONORABLE CREWS PURYEAR, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

---

**MIKE MURPHY, Judge**

The Bradley County Circuit Court revoked Todd Winters's suspended imposition of sentence and sentenced him to three years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

Appellant Todd Winters entered a plea of guilty to commercial burglary and theft of property as reflected in a sentencing order entered on March 5, 2018. He was sentenced to

six years of probation, but he later violated that probation and was resentenced to two years in the community corrections center and four years' suspended imposition of sentence.

On July 12, 2020, the State filed a petition to revoke appellant's suspended sentence alleging that he had violated the conditions thereof by obtaining new charges, including assault on a family member, two counts of third-degree battery, and third-degree assault. A revocation hearing was held on May 3, 2021. The State presented no witnesses but entered certified copies of convictions for assault and battery without objection. Winters called two witnesses. The first witness was his brother, who said that he had helped Winters get a job and he has witnessed Winters making progress in his anger management. He said sending Winters back to prison would be a setback. The second witness was a caseworker advocate with Immerse Arkansas. She stated that she had been working with Winters helping him apply for jobs, apply for benefits, and enroll in barber school. After hearing the evidence, the court found by a preponderance of the evidence that Winters had violated the terms and conditions of his probation. Instead of sentencing Winters, however, the court held the sentence in abeyance to allow Winters to take anger-management counseling. It set the sentencing hearing four months out and left the record open.

Winters failed to appear at the September 8 hearing. It was rescheduled to December 6. At the December 6 hearing, Winters testified he had completed anger-management counseling but could not provide proof and that he had missed his last court date because he had been walking to court. On cross-examination, he admitted that his brother's girlfriend accused him of chasing her with a knife; that he had pleaded guilty to third-degree assault

on July 1, 2020; and that he had pleaded guilty to two counts of third-degree battery and assault on a family member on March 17, 2021. The court sentenced Winters to three years in the Arkansas Department of Correction.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel identifies two rulings adverse to appellant in addition to the revocation decision. Counsel has addressed each adverse ruling, arguing that the rulings do not have merit and that evidence supported the circuit court's decision to revoke Winters's suspended imposition of sentence. We agree.

We first address whether the evidence was sufficient to support the revocation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her suspended imposition of sentence. *Green v. State*, 2010 Ark. App. 174, at 4. The State needs to prove only one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Here, the undisputed evidence was that Winters obtained new charges while serving a suspended imposition of sentence, in violation of those terms. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

Nor did the court err in making the two additional adverse rulings against the appellant. The first was a motion to continue to produce a certain witness whom defense

counsel thought the State was going to produce. The defense had not issued its own subpoena for the witness, and it was not erroneous for the court to deny the continuance. *See Staggs v. State*, 2021 Ark. App. 259, at 9 ("A lack of diligence alone is a sufficient basis to deny a motion for continuance."). The second was a request by Winters to be sentenced to rehab instead of prison, but because his sentence was within the statutory range of punishment, the sentence was not an abuse of the court's discretion. *Pettigrew v. State*, 2019 Ark. App. 420. We affirm.

Affirmed; motion to withdraw granted.

GRUBER and BARRETT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.