Cite as 2024 Ark. App. 387

# ARKANSAS COURT OF APPEALS
### DIVISION I
No. CR-23-235

| | |
|---|---|
| ARLENE EDWARDS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 5, 2024<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-20-110]<br><br>HONORABLE JOSH FARMER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WENDY SCHOLTENS WOOD, Judge

Arlene Edwards appeals the Saline County Circuit Court's sentencing order revoking her probation and sentencing her to three years in a regional correctional facility. Pursuant to Arkansas Supreme Court Rule 4-3(b) (2023) and *Anders v. California*, 386 U.S. 738 (1967), Edwards's counsel has filed a motion to withdraw stating that there is no merit to an appeal.[1] The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal.[2] We affirm the revocation and grant counsel's motion to withdraw.

---

[1]This no-merit appeal returns to us after we ordered rebriefing in *Edwards v. State*, 2024 Ark. App. 27.

[2]The clerk of this court has sent to Edwards's last-known address—by restricted delivery, return receipt requested—a certified package containing a copy of counsel's motion and brief along with a letter informing Edwards of her right to file pro se points for reversal. The packet was returned on February 20, 2024, with the following note: "Return to

On August 11, 2020, Edwards pled guilty to theft of property for writing a check knowing it was written on an account with insufficient funds and, in an order entered on August 14, was sentenced to four years' probation. The State filed a petition to revoke her probation on March 9, 2022, and on August 26, it filed an amended petition that incorporated the original violation and added another violation. The State alleged that Edwards had failed to make any payments toward victim restitution, fines, fees, and costs and had failed to report as directed.

On November 17, the circuit court held a revocation hearing. At the conclusion of the hearing, the circuit court found that Edwards had violated the terms and conditions of her probation and, in an order entered on November 18, sentenced her to three years in a regional correctional facility.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse

---

sender/No such number/Unable to forward." The clerk's office contacted Edwards's counsel for updated address information, but counsel was unable to obtain updated address information, and on March 14, the packet was mailed again to the same address of record via certified mail. It was returned on March 25 with the note "Return to sender/No such number/Unable to forward." To date, no pro se points have been filed.

to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

Edwards's counsel has briefed the court on three adverse rulings in the case. The first is the circuit court's revocation of Edwards's probation. To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of his or her probation. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 866. The State bears the burden of proof but need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

At the revocation hearing, Agent Kenya Collins, Edwards's probation officer, testified that Edwards failed to report for four months between May 5 and August 29, 2022, when she was served with a warrant and reported. She then reported a few times in September, once in October, and once in November, but she missed most of her other reporting dates. Agent Collins also testified that in two years, Edwards had made only one payment toward her fines and costs—$100 on April 29—and has a balance of $696. Debbie Wilmouth, the person in charge of the "hot check department" at the prosecuting attorney's office, testified that Edwards never made a payment on the $4,120 in restitution for the underlying hot-check conviction.

Edwards testified that she lives "out in the country" without good reception, so there was often a delay in receiving her phone messages. She understood she was supposed to report and said that she always returned her probation officer's calls. She also understood that she was required to pay restitution and claimed that she had made a few restitution

3

payments. She said that she had mistakenly sent them to the sheriff's office rather than to the prosecutor's office; however, she did not present any proof of these payments.

We hold there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation. The State presented evidence to support the violations. Edwards admitted that she was aware of the conditions of probation, including the requirements to report and to pay restitution and costs, and she presented no evidence to support her excuses for failing to comply with the conditions.

Counsel also addresses an adverse ruling in which the court overruled Edwards's relevance objection. On direct examination, defense counsel elicited testimony from Edwards that the underlying charge for the hot check occurred because her bank account had been "hacked," suggesting that it was an isolated occurrence. During cross-examination, the State asked Edwards how many hot checks she had written in the past. The court overruled defense counsel's relevance objection.

We review evidentiary rulings under a manifest-abuse-of-discretion standard, and we will not reverse absent a demonstration of prejudice. *Maiden v. State*, 2014 Ark. 294, at 4, 438 S.W.3d 263, 268. Counsel contends that regardless of whether the court abused its discretion in admitting the evidence, there was no prejudice because the testimony had nothing to do with the court's decision to revoke. The court revoked Edwards's probation on the basis of her failure to make restitution payments; to pay fines, fees, and costs; and to report as directed. There was ample evidence—without testimony about the number of hot checks Edwards had written—to support these findings. Thus, Edwards suffered no prejudice.

4

Moreover, Edwards opened the door to this testimony, and inadmissible testimony may be offered when one party has opened the door for another party to offer it. *Holliman v. State*, 2023 Ark. App. 390, at 5, 676 S.W.3d 281, 284. We agree with counsel that no meritorious argument could be made regarding this issue.

Finally, counsel addresses the circuit court's denial of Edwards's request during the sentencing portion of the revocation hearing for the court to consider placing her in a county jail and then extending her probation rather than sentencing her to prison or a regional correctional facility. The court denied the request and sentenced Edwards to three years in a regional correctional facility for the underlying Class D felony. *See* Ark. Code Ann. § 5-36-103(b)(3)(A) (Supp. 2023) (theft of property of five thousand dollars or less but more than one thousand dollars). In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023). Here, Edwards was sentenced within the statutory guidelines. *See* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013) (the sentence for a Class D felony shall not exceed six years). No meritorious argument could be made that the circuit court abused its discretion in not sentencing her to county jail and then placing her on probation.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323, at 2–3. In this case, counsel has complied with Rule 4-3(b), and we hold that

5

the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.