Cite as 2025 Ark. App. 408

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-361

| | |
|---|---|
| JONATHAN KAVON RICHMOND<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 3, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-18-809 ]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellant Jonathan Richmond appeals the Sebastian County Circuit Court's order revoking his suspended imposition of sentence (SIS) for the underlying offense of aggravated assault on a family or household member and sentencing him to three years' imprisonment followed by three years' SIS. Appellant's counsel has filed a motion to withdraw and no-merit brief pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4-3(b)[2] asserting that there is no merit to an appeal. Appellant was provided a copy of his counsel's brief and motion and informed of his right to file pro se points for reversal; however,

---

[1] 386 U.S. 738 (1967).

[2] (2023).

appellant has not filed any pro se points. We affirm appellant's revocation and grant counsel's motion to withdraw.[3]

Appellant pled guilty to aggravated assault on a family or household member and was sentenced to six years' SIS by an order filed on November 29, 2018. He was ordered to pay fines, costs, and fees. The terms and conditions of his SIS included that he not violate any federal, state, or municipal law; that he make payments towards his fines, costs, and fees at the rate of $60 a month, starting on February 5, 2019; and that he not have any offensive contact with the victim. The State filed a petition to revoke appellant's SIS on July 9, contending that he had violated the terms and conditions of his SIS by having offensive contact with the victim and failing to pay his court-ordered obligations. An amended petition to revoke filed on April 11, 2024, alleged that appellant had violated his SIS by having offensive contact with the victim, committing the new offense of third-degree domestic battery, and failing to pay his court-ordered obligation.

Appellant's revocation hearing took place on May 16. The State introduced appellant's payment ledger[4] and a certified conviction from Sebastian County District Court dated May 14. The State then rested. Appellant testified that he made his court-ordered payments until "COVID hit[,]" and he was told to make online payments. He subsequently

---

[3]This is the second time this appeal has been before us; we originally ordered rebriefing and denied counsel's motion to withdraw. *See Richmond v. State*, 2025 Ark. App. 20.

[4]The ledger showed that appellant had a balance of $2,396, and the last payment was made on September 11, 2019.

got an address to mail in the payments. He stated that he went to California for four or five years during this time because his mother was sick. He said that he tried to mail payments from California, but his sister kept telling him that the checks were returned. He admitted that he was drawing Social Security and disability in the amount of over $1200 a month while living in California. On cross-examination, appellant stated that he attempted to mail payments to the courthouse at least three or four times. He said that when he called, he was told to "refill them out and send them back in." He agreed that he had not made a payment since 2019. Upon questioning by the court, appellant stated that his last payment was six months before COVID hit but explained that he was going through a bad divorce at the time and that he lost his family, himself, and the rights to his daughter; however, he said he was not making any excuses.

Appellant's counsel informed the circuit court that appellant had been sentenced to thirty days in jail and was ordered to pay fines and costs for the new conviction. Counsel asked the circuit court to take that into consideration, but the circuit court stated that appellant's sentence in that case would not affect the circuit court's sentencing decision in the revocation case. The circuit court found that appellant had violated the terms and conditions of his SIS by committing the new offense of aggravated assault on a family or household member and sentenced him to three years' imprisonment followed by three years' SIS. The circuit court found that the sentence would satisfy appellant's fine, costs, and fees. The sentencing order was filed on May 24, and appellant filed a notice of appeal on May 28.

Because this is a no-merit appeal, Rule 4-3(b) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal."[5] The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw.[6] Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings.[7]

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her suspended sentence as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence.[8] The State need only show that the appellant committed one violation to sustain a revocation.[9] Because the determination of a preponderance of the evidence turns on

[5]Ark. Sup. Ct. R. 4-3(b)(1).

[6]*Harvey v. State*, 2022 Ark. App. 283, 646 S.W.3d 292.

[7]*Id.*

[8]*Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

[9]*Id.*

questions of credibility and the weight to be given testimony, appellate courts defer to the circuit court's superior position for assessing these factors.[10]

The circuit court found that appellant had violated his SIS by committing a new offense. A certified copy of appellant's recent conviction was entered into evidence without objection. This new conviction was in violation of the terms and conditions of appellant's SIS. Thus, we hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.[11]

The circuit court did not err in making two additional adverse rulings against appellant. The first is when the circuit court interrupted appellant by telling him that there was not a question in front of him. This was an evidentiary ruling that will not be reversed absent a showing of prejudice.[12] Additionally, there is no way to determine what exactly appellant was trying to say since he did not proffer the excluded testimony to the circuit court.[13] The second seems to be a request by appellant for a lesser sentence. In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that could have been imposed originally.[14] Here, appellant was

---

[10]*Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357.
[11]*See Winters v. State*, 2023 Ark. App. 15.

[12]*Goodman v. State*, 2025 Ark. App. 305.

[13]*See Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92.

[14]*Edwards v. State*, 2024 Ark. App. 387, 690 S.W.3d 880.

sentenced within the statutory guidelines.[15]  No meritorious argument could be made that the circuit court abused its discretion in not sentencing appellant to a lesser sentence.

From our review of the record and the brief presented, we hold that counsel's brief is in compliance with the directives of *Anders* and Rule 4-3(b)(1) and that there are no issues of arguable merit to support an appeal.  Accordingly, we affirm the revocation of appellant's SIS and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and TUCKER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.

---

[15]*See* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013) (the sentence for a Class D felony shall not exceed six years).